Morning Thank You honors and may it please the court, my name is Brad Bannas and I represent the appellants in these consolidated cases in 1976 Congress amended the adjustment of status statute to require an immigrant visa to be current and available at filing and filing alone It's silent on whether it has to be both current and available at approval But if we look at what was repealed and replaced in the 1960 statute It's the very policy that the government attempts to defend and apply today They're trying to defend and apply a 1960s policy that Congress rejected clearly in 1976. Can I ask you a question about just Preliminarily does the court has jurisdiction in Singh and Dada? Your honor we believe it does in the the data case It was done in a temporary restraining order your honor, but was there was there any hearing there was not an oral hearing your honor But hearing none there was not a hearing your honor. There was no factual disputes. There was no need for a hearing your honor It was a purely legal question that the judge decided on the briefs. I filed an opening brief They filed a response and under the rules of the Western District of Washington I wasn't allowed to do a reply your honor. The court took three weeks and wrote a decision So I do believe that it was a full product of the adversarial process Let's assume that the TROs are not appealable. You do have one appealable order here. That's right, your honor The Bavaria case and the government concedes that your honor and I would say the Bavaria case If this court doesn't exercise jurisdiction over the data and the Singh appeals that will control the outcome of those You know, what the one that we do have jurisdiction over involves precisely the same issues as the others Yes, your honor. All right. So let me let me turn I'm not clear how you think the system would work under your brave new world So, let's assume somebody applies and on the day they apply a visa is available You you can see that USC is still has to look at the application and decide whether or not to approve it Correct. Yes, your honor On the day they approve it. No visa is available What are they supposed to do under your reading of the statute your honor? We don't think they can approve it if there's no visa available. This is that okay, so then We're in this situation where an applicant must then file a brand new application Because they will have to turn it down because no visa is available Instead they've come up with a system that says if no visas available on the day that we get to approve your thing We'll keep you in the queue. And when when when a visa becomes available, we'll approve it So I'm trying to figure out why applicants are better off under your system than the system the USCIS has Your honor first, it's the system that Congress created. Okay, that's wasn't the question I asked you I'm not sure. It's a system Congress created, but that's a separate issue Tell me why I mean it seems to me that if your clients on the day that the USCIS gets around Got around more quickly to reviewing their application We're in a situation where no visa were available USCIS would have to say denied right now. They don't say denied They said we won't take up your application until we know on the day. We approve it. We can give you a visa I'm trying to figure out how that disadvantages Anybody in your client situation? Yes, sir It's it's the unpredictability uncertainty in indeterminate delays that impact my clients that you asked me how I think the system works This is how I think it works the State Department in its infinite wisdom has to identify how many visas are available in a fiscal year and then it has to dole them out in compliance with the country caps the quarterly productivity caps as well as Stopping country caps at certain point right now right now. It does so Assuming all the applications are valid and should be approved. It does so on the basis of an order of the applications And what you're saying is it shouldn't do that doesn't matter when you apply We should just look at it on the day. We approve your application And if we don't have a visa on the day We approve your application tough luck go back and apply again and see if you win the lottery the second time Strikes me the system that they have is infinitely fairer than the one you propose your honor I think that we have to be very careful with our language here. You keep using the word available Your honor the government doesn't dispute. There's visas available today The question is whether they're current and our proposal is to judge whether they are current and available That is prior to the priority date that the Department of State sets out at filing and once they are filed Regardless of the fluctuation of the priority date under the visa bulletin that there as long as there is a visa available That they would get a decision. So let's let's assume that on the day that you file a visa is available 300 other people have previously filed for that visa and it was also available on that day But there's only one or two available who gets it Your honor one or two of them because if that's the situation And one or two of them on the presumably on the order of who filed first Hopefully, that's exactly the system they have now. They just don't tell you until the day the visa becomes available, right your honor Disagree that is not the system. We are still staying in the queue in the order priority, right that that doesn't shift So it's just a question of how you you you determine the availability. So let me let me take up your statutory argument for a moment because You rely very much on the fact that the statute is silent as to the availability on At the time of adjudication. Do I understand that correctly? I rely on whether it's current at the time of adjudication. I'm talking about your statutory argument your statutory based argument Tell me what that is The statute is silent on whether you are required to have a visa current at approval not available at the time of adjudication Correct. So you're relying on The silence in the statutory language to infer that Congress prohibited the government's current system Right. No, your honor Tell me what your argument is that when the text of the statute is silent Then we use the traditional tools of statutory construction to determine what Congress's intent was and we enforce that intent the intent Here through the structure in the history couldn't be more clear that silence is not an accident that silence is a policy choice They made in 1976 when the house wrote a report that said Let me just quote it exactly, right that the amendment designates the date used in determining the availability of a visa number as the date The application is filed rather than the approval date in 1952 Congress at the Adjustment of Status statute required it to be current and available again two different Concepts at both filing and approval that didn't work in 1960. They said we has to be current and available at Approval that apparently didn't work So in 1976, they rejected that repealed and replaced it and said it has to be current and approvable at filing and filing alone Wasn't wasn't the previous system. I read the previous statute to say we won't put you in the queue Until we approve your application and that's why it said You can't you the secretary can give a visa the last clause if a visa was available And approved and so what happened under the old system? I believe I may be wrong about this is that you got put in the queue when you're when your application was approved The change in the system was to put you in the queue when your application was filed And that's why that's why the language came out. Am I wrong about that? You are your honor. The system hasn't changed The agency's policy has maintained the same when I look at the statute. It seems to give the agency broad discretion to Adjudicate the process and so yes, it's a convoluted system, and I don't know which which way works better So long as the person maintains their priority in the queue There's there's fairness in the system, right? Because we're talking about a limited number of visas issued when they run out they run out Right. So if one person gets it the other one gets back in the in the line So it seems to me that that Congress in the statute intended to give the government the discretion to come up with a system That's fair. I Actually adjudicate these and do this but they cannot use that discretion to violate congressional intent and that's what they're doing here And let's just be clear in the last ten fiscal years No intent on its face is to give the government the discretion I disagree your honor if the structure of the statute indicates that Congress assumed that there would be if the if USCIS said I approve this adjustment of status application that if there were visas available under the country caps That it would be done and they did not give the Department of State discretion at all to say no to that They have to allocate they shall Reduce by one the number of preference visas if they're available under the country caps Again, I'm still not sure how this works. Let me construct a hypothetical world for you there are 300 visas available to residents of Kazakhstan 700 people apply on On the same day. There are visas available to everyone on that day when they apply, correct? In your hypothetical. Yes. Okay, only 300 are available The agency can't you don't expect the agency to adjudicate all the applications on day one. I don't your honor. They're not allowed It takes some time to adjudicate the applications and by the time it adjudicates the applications It's the next year and some of them are no longer available What do we do with all the people that applied for whom application for whom visas are no longer available You're on that hypothetical doesn't accurately describe the system. Okay, if there's seven, that's what it's because that's why it's a hypothetical So so tell me tell me why under that because it describes a variant of the system in the system We know it takes a while to approve applications and by the time applications are approved a visa that was available on the day of Application is no longer available because it's gone to somebody further up in the queue, so so Tell me what the agency is supposed to do under that circumstance under that circumstance when the fiscal year rolls over and more visas are available because every October 1st a New batch of visas becomes available. Then those folks can get adjustment of status and and get approved So they should get adjustment of status under your view of the world Even though there is not a visa currently available to them Just because they're just because there was one available on the day they applied but not on the day they approve were approved Under your hypothetical. Yes, your honor, but under under your Reconstruction that's true, too. Isn't it? No, no So but so what happens under your reconstruction is if on the day of approval There's no longer a visa available The agency says to the applicant your application is denied because there is no visa available That's in the discretion of the agency. They can choose to deny it or they can choose to keep it open right now Their policy is to keep it open Under my system. Here's how it works and I should say under Congress's system Here's how it works. The Department of State decides a priority date the priority date dictates What? Application dates are both current and available That dictates when adjust when USCIS will accept an adjustment of status application When it accepts it, it knows that there is a visa available and there is a visa current it goes through the process And so then under my hypothetical what it should do is if 300 people apply on the same day And there's only 100 visas available say to the second 200. I cannot accept your application. That's correct That's absolutely correct They need the gatekeeping occurs at the outset not at the what do we do with people already in the queue? Who are who have been waiting for their approval date on what's the transition from the old system into your system your honor? I think that's up to the agency I'm not this court should not interfere and get into the minutiae of the agency's processes But what this court should do is probably have adopt your view those people Your people your people the people under your system will get approved on the day they file their application We'll we'll get me entitled to a visa on the day They but know the people from before who have been may have been entitled But have had to wait for several years for their applications to be approved We'll have to go to the back of the line won't they know your honor. Well, they can't give out more visas and Congress authorizes I agree I Still don't understand how your system works. Let me let me take you back to judge Bilston's Understanding of your interpretation she said that your interpretation would lead to an absurd result because it would result in a mismatch between the number of visas available and The number of visas issued because of visas availability would be committed at the time of application But reduced at the time of approval Did she characterize your system correctly? No, your honor her characterization violates 8 USC 1255 be 1255 B And I still don't understand what happens to the people who apply but for which there were there are no longer visas available Your honor that's not the situation here. First off and second off That's an incredibly rare situation in the last 10 fiscal years USCIS and Department of State have run out of visas one time That was last year and they ran out 20 days before the end of the fiscal year And if that happens every year great because that that is a much preferable alternative to my clients then wasting 60,000 40,000 20,000 visas a year which increases their time in this queue by following the congressional Pattern we we see this symbiotic Interagency process where Department of State tells a tells just like they do with their consulates when they put out the priority date That's when you can go to the consulate and apply for your visa. They tell USCIS. Here's the priority date That's when folks in the u.s Can use this exception to the rule this mechanism of adjustment of status to apply. Yes. Will this mean that? USCIS has to restrict who can apply for adjustment of status more than it does today. I think so your honor again That's not what we're asking for. That's that's up to them. They can do whatever they want We do not want to interfere with that. So what and I know you're running out of time Thank you, isn't your real complaint in this case that they don't adjudicate the applications quickly enough No, your honor. Not at this point. Well, would you have I know but would you for example? If they adjudicated the applications two days after they came in, would you have any complaint? I would not have a job your honor That's I mean, that's right. If there were no delays in the system. The system would work as it's designed Well, but if they did that you would still have the same problem. Would you not unless they said when the on? Because they've under even if it was two days later or a month later There still may not be sufficient visas available to give to the people whose applications were approved your honor I think that our disagreement is that the issue here is not whether visas are available. It's whether they're current the agency Concedes visas are available today No, your honor two different concepts current meaning in the language of the statute 1255 a three immediately available immediately available means that it's a priority date prior to the Earliest priority date on the visa bulletin. I use the word current rather than disagree trying to distinguish between Available and immediately available available means there are there is cereal on the shelves in the grocery store, okay? Current means you get to go grab one right because you've been let into the store so to speak But right now there are 98,000 visas by definition coming April 1st because under the country are than the productivity caps They cannot decide more than 27% any fiscal quarter can't grab one off the shelf until you're approved, correct? It's correct USC is under this courts precedent Hernandez It says USC is triggers the allocation of the visa the Department of State They trigger it Department of State has a mandatory duty to reduce the number anytime USC is says you're approved Okay, and you know If this court for some reason ordered the agency, this is not what we asked for but to Adjudicate every single one of my clients applications today There are sufficient visa numbers under the country caps under the productivity caps and everything for them to get one today They're not correct to me. Your real complaint is they take too long to adjudicate. No, your honor Not in this case in other cases. Yes in this case. They have stopped They have taken the files and they put them in cold storage They have sent them somewhere to the Midwest in a warehouse that will take months and years to get them back out Once the visa bulletin goes forward and keep in mind April 1st, the visa bulletin goes back another year to January 1 2011 the volatility of the visa bulletin is the problem here it Forces my clients to wait not one year not two years, but 15 years To get a decision on their adjustment of status application Congress did not intend Adjustment of status applications to be pending for 15 years Okay council you're over time thank you a couple of minutes to come back on Roberto Good morning, your honor is it may it please the court. My name is Alessandra Faso and I represent the government in this matter Before this court is a request by the applicants for an emergency judicial order that would essentially overhaul the system by which US citizenship and immigration services and the Department of State approved green card applications and allocate those visas The district court did not abuse rather the district courts in this these cases did not abuse their discretion in denying those emergency motions for relief I'd like to begin in my argument by addressing one of counsel's points with respect to The fact that there are visas that are available today What counsel does not Explain to this court is the reality that visas are not available today to his clients based on their priority dates Their priority dates were assigned to them when they applied for the immigrant visa petition that placed them in a queue as your honors have acknowledged Wherein they receive interim benefits and can enjoy those benefits by virtue of having a pending adjustment of status Application me interrupt you there. So I understand this correctly. Let's assume that their applications had been approved sometime prior to this Would a visa have been available to them? Yes, your honor. If if the applicant if the application for adjustment of status Was approved that would necessarily mean that a visa was immediately available to that individual And as I understand the system you wait to initiate approval Until the visa is available to that applicant. Yes So the bottom line is by Adjudicating their claims today or this week And give them one of the visas that are currently available. That would basically knock somebody out out of the queue Exactly, your honor. The applicants are asking else who was in front of them out of the queue yes, so the applicants are asking to be placed in front of a Number of other applicants who have likely been waiting longer than them So if USCIS were to jumble up the queue and accelerate these individuals applications That would be putting somebody else at a disadvantage that might end up in district court for the same reason So it it's a fundamental fairness issue that the applicants are asking this court to accelerate their applications At the at the bottom of of this claim is and why it fails From a an emergency Injunctive relief perspective is there's no immediate irreparable harm here and the district courts acknowledge that in each of the three cases Well, so let me ask there. They're allowed to stay here. They have certain benefits Yes, they have all the benefits of being an LPR. No, your honor. They do not have all the benefits of being an LPR, but obtaining a green card is an enormous benefit and It allows for freedom of travel without restriction the ability to work in any job in the u.s. the ability to accrue Presence in order to become a US citizen, which as This court knows is an enormous benefit however the magnitude of the benefit here unfortunately comes with a waiting period and The visa availability and the the country caps with respect to the percentage of individuals from certain Countries that need to to wait longer than others Unfortunately goes into that process and while the applicants don't necessarily get all the benefits of being a green card holder They do get certain benefits by virtue of having those pending applications So, let me take you back to the previous statute statute from which one one two words were removed Or maybe three how did it work under the previous statute the same way or was it a different system? Prior to the amendment. Yes To to my knowledge it it worked The that the delays and the the backlogs were not such that the the visa bulletin Needed to be broken up into those two sections and so under the old system the government was reasonably confident that on the day it got around to approving the application a Visa would be available. Was there a priority system? That's my understanding your honor the priority standing to that But I'm just the prior I can tell it from this record of the statute. It's yes and in the priority priority date system has has been in place for a while and it's it's the best way to ensure fairness among applicants and There's a lot that goes into the priority. Let me ask one of the factual question for the visas that these petitioners are seeking I Take it and I don't think this is contested, but I want to make sure I understand it that there are There are visas that could be issued today But there are people with higher priority to those visas. Is that a fair way to summarize it? That's correct. Your honor and so Those are priority because they applied Because someone applied earlier. So maybe their employer they they applied earlier or they're in a different Visa preference category that is essentially up for approval. Okay, does the government process? the visas in the order in which their Applications are received process the applications in the order in which they received Generally the government does process these applications on a modified first in first out basis there are a lot of factors that go into the adjudication of adjustment of status applications, but as a general matter The government does try to prioritize older applications that have been pending for a longer period of time And I understand that's not the it's not the contention in this case But it's the necessary consequence of adopting the petitioner's position That we would have a FIFO system with respect to the date of application, right in theory, yes, your honor however, I am also slightly unclear as to how the applicants System would necessarily play out in practice But at the end of the day the system that the USCIS and the Department of State have in place While it's not perfect does its best to ensure fairness while also Ensuring that the government is following the law and with respect to each of the the Ina provisions with respect to per country caps quarterly caps And the yearly availability of visas. So let me ask you this. I mean the 10 plus year wait seems Startling to what extent is the speed of processing play into that delay or is it's just solely a question of availability of visas Your honor the speed with respect or with which the government adjudicates adjustment of status applications certainly can play into the availability of visas in the length of time that individuals are waiting, but I will note that what council noted earlier is that Last year the government exhausted all of the visas available so Like he said about you know, several days before the end of the fiscal year. So While the the pace at which the government adjudicates these applications certainly plays a role At the end of the day, there's a finite number of visas that are going to be available each year to individuals from certain countries and in certain So so what you're saying to me as I understand it is that the speed of processing is an issue But at least it's fast enough so that there's not these a bunch of wasted visas that have spilled over into other Categories or reallocated into other categories at the end of the fiscal year exactly So go back. I want to go back to the statutory argument Council's argument I think is that the old system The old statute described a system and that the new statute describes a different system and that the manual is May be consistent with the old statute, but not with the new statute I'm not sure I phrased it correctly, but I think I did Respond to that for me Just so I understand your question your honor is it sure the old the old statute said this the Application may be approved Maybe a visa may be issued if one two and three and just focus on three three set of visa was available on it on the date of application and approval Now we've just changed it to the date of application In the new statute and so I want to figure out whether or not the manual is Can it seem to the manual is consistent with the new statute? It is consistent with the the new statute your honor what council fails to reconcile is how a USC 1255 B plays into this and and that provision Mandates the Secretary of State to reduce by one the number of the preference visas that are authorized to be issued in that preference category where the individual applied for the fiscal year then current Reduce it by one when what occurs When an application is approved see and that's that's sort of what I'm trying to get back to the other statute said You give them the visa when it's approved right Well, it didn't say said you're you're eligible to get a visa if there's one available on the date of application and approval This one says you're eligible to get one if there's one available on the date of application But what you're saying? Is that the other statute? Requires the secretary to reduce the number on approval correct. Okay. So how does that make the manual consistent with the statute? It it makes the manual consistent with the statute in that It it directs the Department of State And USCIS to work within the limits that Congress prescribed and so by Reducing the visa numbers on the date of approval The Department of State is ensuring and in USCIS by approving that application Triggering the Department of State to reduce that number of the visas available It's it's ensuring that these agencies are working together to not exceed any of those limitations I said the statute doesn't allow the secretary to reduce the number of visas available Simply because a good application was filed Did it before? Not necessarily your honor it was under the previous existence of the statute What did the SEC? What did the secretary do when an application was received? Did it put one on the shelf for that applicant or did it wait until approval to decide whether or not there was one available? To my understanding your honor it would the Department of State would reduce the number of the visas available Once that application was approved as well Well only only when it was approved correct not when it was submitted Correct I think that we were that's why I asked counsel whether there's been any real change in the system in terms of allocation of Visas right not to my knowledge and in years ago when the the statutory amendments were made We were operating in a in a different landscape. I mean the the amount of people that are requesting green cards today Has increased exponentially and so these safeguards in the system Department of State's use of the Visa Bulletin USCIS's use of the Visa Bulletin and abiding by the the country and the fiscal year caps is all a product of the amount of applicants that are asking for green cards and Essentially shifting their their focus on fairness and Ensuring that the agencies are abiding by the congressional limits At the end of the day your honors The applicants have not demonstrated that their position is Likely to succeed on the merits. I will remind this court where we're at the emergency preliminary injunction TRO stage The applicants are asking for a mandatory injunction meaning they're asking for the government to Actively do something. They're not trying to maintain the status quo and that is the purpose of a preliminary injunction They're asking this court to direct USCIS and the Department of State to issue visas to Individuals when their priority dates are not current and a visa is not immediately available to them They have not met their burden in The facts and the law clearly favor their position the district courts did not err in depth in ultimately concluding that The applicants were not likely to succeed on the merits and that they did not Have an immediate threat of irreparable harm in these cases If there are no further questions from the court, the government would respectfully request that this court Affirm the district courts decisions denying preliminary injunctive relief in each of these cases Thank You counsel It would be helpful to me if in rebuttal if you could direct some response to the irreparable harm issue Your honor my clients have missed funerals. They've missed birthdays in their culture and religious ceremonies They're to return home one on the one-year anniversary of the death of a parent They can't do that These interim benefits are a far cry from the abilities and rights and obligations you have as a permanent resident include the delays and the idea of advanced parole Which is travel authorizations an application that takes 14 to 18 months to get a decision and you can only apply six months early and They're for good for one year. If you do that math, you don't get it in addition Most of my clients have maintained non-immigrant status And so they have two statuses They're balancing and perhaps their employer wants them on an h-1b and if they re-enter on advanced parole They'll lose their job because they have different rights and obligations under the contracts that they're serving to federal agencies And so I don't know how you go to your father's funeral When you miss it because you can't travel because you're not a green card holder that's the nature of the reputable harm not to mention career advancement and The lack of the right to to have these obligate or rights and duties of a permanent resident and that that's our reputable harm your honor further the indeterminate amount of time they're gonna take to get a green card The uncertainty there their children can't get in-state tuition their children can't get positions internships with federal agencies because again You have to be a green card holder or a citizen not a non-immigrant or not someone who is just waiting for a green card So we think that's sufficient for a reputable harm as a legal matter Which is why you don't see a lot of affidavits showing factual stories But I can tell you we have folks who one spouse was granted one spouse was not and so the spouse who is a derivative Of the spouse that was granted lost their status and they're having to go through another process that just retrogressed I hope that answers your question your honor. I see I'm out of time again If I may just address One thing your honors you can wrap it up, please. I will your honors This is a disagreement the agency wants the agency did not change their policy in 1976 they have not changed it in the last 47 years and Congress made a discreet policy choice We see in the record very clear if Congress told them you need to go outside and walk a duck And it was very clear on the record and they said nope. We've been walking a dog for years We're gonna keep walking that dog this courts role in our constitutional system is to tell them you better walk that duck And for those reasons your honor this court should vacate the lower court decisions and enjoin these Policies. Thank you honest. Thank you very much council for both sides for your very helpful arguments today that concludes today's argument calendar So we are in recess until tomorrow morning Thank you You
judges: NGUYEN, HURWITZ, Gutierrez